**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT P. FRY,

        Petitioner-Appellant,

    v.

AL ESTEP, Warden, Limon
Correctional Facility, and JOHN
SUTHERS, Attorney General of the
State of Colorado,

        Respondents-Appellees.

No. 07-1517

(D. of Colo.)

(D.C. No. 06-cv-568-WYD)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

    Robert P. Fry pleaded guilty to second-degree murder, second-degree

kidnaping, and a crime-of-violence charge in connection with the death of his ex-

girlfriend. He is serving a sentence of 60 years in a Colorado prison. Proceeding

---

    [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

*pro se*,[1] Fry seeks a certificate of appealability (COA) to challenge the district court's denial of habeas corpus relief to him under 28 U.S.C. § 2254.  Fry seeks a COA on two of the grounds he raised in the district court: (1) ineffective assistance of counsel, and (2) unlawful sentence enhancement.

We conclude Fry is not entitled to relief on either claim and therefore DENY his request for COA.

## I.  Background

In 1998, Fry's ex-girlfriend, Cassandra Mills, went missing in Colorado. Three years later, her body was discovered in a shallow grave in Nebraska.  In connection with Mills's death, Fry pleaded guilty to second-degree murder, second-degree kidnaping, and a crime-of-violence charge.  A Colorado state court sentenced him to 60 years imprisonment, plus a term of mandatory parole.  Rather than appeal his sentence directly to the court of appeals, Fry collaterally appealed under the post-conviction provisions of Colorado Rule of Criminal Procedure 35(c).  He raised various issues, none of which was successful.

Fry now seeks federal court review of his conviction under 28 U.S.C. § 2254.  He petitioned the federal district court for relief on four grounds.[2]  In

---

[1]  Because Fry proceeds *pro se*, we review his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]  Fry's four grounds for relief were: (1) involuntary plea in violation of the Sixth Amendment; (2) ineffective assistance of counsel in violation of the Sixth

(continued...)

seeking a COA from this court, Fry renews only two of his claims. First, he argues his trial attorney provided ineffective assistance of counsel by failing to conduct adequate investigations, to inform Fry of affirmative defenses, and to prevent Fry from involuntarily pleading guilty. Second, Fry asserts his sentence was unlawfully enhanced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## II. Discussion

To obtain a COA, Fry must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

---

[2](...continued)
Amendment; (3) violation of double jeopardy under the Fifth Amendment; and (4) unlawful sentence enhancement under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).

*A. Ineffective Assistance of Counsel*

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) counsel's performance fell below an objective standard of reasonableness and (2) petitioner was prejudiced by the deficient representation. *E.g.*, *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To show prejudice in the context of a guilty plea, a petitioner must demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

The district court correctly determined Fry did not receive ineffective assistance of counsel. We have conducted a complete review of the state court record. For substantially the same reasons as set forth in the district court's order, we reject Fry's claims. First, Fry's allegations that his counsel failed to adequately investigate his case are entirely speculative. Fry points to no act or omission of counsel supporting his claim that counsel's efforts fell below an objective standard of reasonableness. Second, Fry's claim that counsel failed to discuss any possible affirmative defenses with him is belied by the fact that he explicitly denied his actions were justified by any affirmative defenses at his plea hearing. Finally, his claim that he involuntarily pleaded guilty is similarly belied by the state court record and explicit findings made by the state courts. Fry fails to convincingly demonstrate that but-for counsel's alleged errors, he would have

insisted on going to trial where he faced a sentence of life imprisonment without possibility of parole.

In sum, we cannot conclude the issues presented by Fry's petition are "adequate to deserve encouragement to proceed further," *Slack*, 529 U.S. at 484.[3]

*B. Unlawful Sentencing Enhancement*

A petitioner may obtain relief from his sentence if the sentence was unconstitutionally enhanced by the state court. *Apprendi*, 530 U.S. at 490. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*

Fry's *Apprendi* claim does not deserve further consideration on appeal in this court. The district court correctly concluded Fry was not sentenced above the "statutory maximum" found in Colorado's criminal penalties statute, Colo. Rev. Stat. § 18-1-105 (2001). By pleading guilty to the crime-of-violence count, Fry subjected himself to statutory penalties of up to 48 years on his second-degree murder conviction and 12 years on his second-degree kidnaping conviction. *See* Colo. Rev. Stat. §§ 18-1-105(1)(a)(V)(A) and 18-1-105(9)(a)(I) (2001). The

---

[3] We also conclude the district court correctly rejected Fry's request for an evidentiary hearing because Fry failed to develop the factual basis for his claims in state court. *See, e.g.*, *Young v. Sirmons*, 486 F.3d 655, 679 (10th Cir. 2007) (noting that "28 U.S.C. § 2254(e)(2) prohibits a federal district court from conducting an evidentiary hearing on a habeas claim that petitioner failed to develop in state court").

sentences could be imposed consecutively.  The state trial court's sentence of 60 years imprisonment was consequently not "beyond the prescribed statutory maximum" as that term was construed at the time of the state court's decision and the state appellate courts' review.  *See, e.g.*, *Allen v. Reed*, 427 F.3d 767, 775 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 848–49 (10th Cir. 2005). The sentence was within the maximum range authorized by the applicable criminal statute, Colo. Rev. Stat. § 18-1-105 (2001), which is all *Apprendi* required.

We therefore find no reason to grant Fry a COA on this issue.

### III.  Conclusion

For the reasons set forth above, we DENY Fry's petition for a COA.  We also GRANT his motion to proceed *in forma pauperis*.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge